UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIO YBARRA CANTU, §
§
         Petitioner, §
§
VS. § CIVIL ACTION NO. 2:13-CV-112
§
WILLIAM STEPHENS, §
§
         Respondent. §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Respondent's motion for summary judgment (D.E. 11) and Petitioner's cross motion for summary judgment (D.E. 13).  On January 3, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied, and Petitioner's habeas corpus petition be dismissed.  D.E. 14.  Petitioner timely filed his objections on January 16, 2014.  D.E. 16.

In her Memorandum and Recommendation, the Magistrate Judge found that Petitioner's claims were unexhausted and procedurally barred and, in the alternative, were without merit.  Petitioner objects to all of the recommendations and findings made by the Magistrate Judge and specifically reasserts his claims concerning alleged due process violations at his disciplinary hearing and the resulting loss of line class status. Petitioner's objections are set out and discussed below.

1 / 7

First, Petitioner objects to the Magistrate Judge's conclusion that the change in his line class status does not create a cognizable liberty interest. Petitioner urges that a cognizable liberty interest has been created because the change in his line class status adversely affects his chances for parole. D.E. 16, p. 2.

The notion of a protected liberty interest in a custodial classification is foreclosed by several Fifth Circuit decisions. *See e.g. Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[S]peculative, collateral consequences" associated with the loss of the opportunity to earn good-time credits "do not create constitutionally protected liberty interests."); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable . . . liberty interest in custodial classifications."); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) ("[T]he timing of [a prisoner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . ."). While Petitioner recites the prospective consequences of his loss of line class status, he has not lost any time already earned. Under those circumstances, he has not demonstrated a liberty interest that triggers this Court's jurisdiction. Petitioner's first objection is **OVERRULED.**

Second, Petitioner objects to the Magistrate Judge's conclusion that his disciplinary hearing did not violate his constitutional due process rights. With regard to the disciplinary hearing, Petitioner complains that investigation reports were withheld and information from a confidential informant was given undue credibility. D.E. 16, p. 3. As a result of being found guilty, Petitioner was assessed the following punishment: (1) a loss of forty-five days of recreation and commissary privileges; (2) fifteen days of

solitary confinement; (3) a reduction in line class status; and (4) suspension of contact visits.  D.E. 13, p. 3.

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty . . . interest."  *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  A prisoner who claims that a punishment or other condition of confinement rises to the level of a protected liberty interest must demonstrate that the condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In Texas, prisoners do not have a protected liberty interest in a particular line class status or commissary, recreation, and visitation privileges.  *See Luken*, 71 F.3d at 193 (holding that the opportunity to earn good time credits is not a constitutionally protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary and cell restrictions do not implicate due process concerns); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding that prisoners have no constitutional right to visitation privileges).  Moreover, "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  *Sandin*, 515 U.S. at 486.

Here, the punishment suffered by Petitioner does not trigger a recognized liberty interest so he cannot avail himself of the protections of the due process clause in challenging the outcome of his disciplinary hearing.  Accordingly, Petitioner's second objection is **OVERRULED.**

Third, Petitioner objects generally to the conclusions in the Memorandum and Recommendation.  In addition to the findings discussed above, the Magistrate Judge concluded that Petitioner's vagueness claim was without merit.  The Magistrate Judge assumed for purposes of the motion for summary judgment that constitutional claims regarding vagueness are relevant in the context of TDCJ-CID inmate conduct rules.  This Court makes the same assumption in addressing Petitioner's objections.

A petitioner cannot "challenge a statute for imprecision if his own conduct is clearly within the core of proscribed conduct." *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983).  Rule 6.0 of the Disciplinary Rules and Procedures for Offenders states that possession of a weapon is a Level 1 Offense.  A "weapon" is defined as any instrument that can be used to inflict injury on another person.  *TDCJ-CID Disciplinary Rules and Procedures for Offenders*, Attachment A-2.[1]  According to the TDCJ-CID Offender Orientation Handbook, "possession includes having an item on the body of an offender, among his belongings or in his cell or immediate living area, no matter who owns the item." *TDCJ-CID Offender Orientation Handbook*, p. 20.[2]

In this case, it is indisputable that a knife is capable of inflicting injury on another person.  In addition, Petitioner was in possession of a knife within the meaning of the Offender Orientation Handbook because it was "among his belongings" and "in his cell," regardless of whether he owned it.  *See* D.E. 12-1, p. 4.  Accordingly, as the Magistrate Judge observed, Petitioner's conduct fell squarely within the TDCJ's prohibition against

---

[1] Available at http://www.tdcj.state.tx.us/publications/index.html.
[2] Available at http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html.

possessing a weapon.  Therefore, Petitioner cannot prevail on his claim that the TDCJ rule in issue is vague.  Petitioner's third objection is **OVERRULED.**

Fourth, to the extent that Petitioner's general objection to the Memorandum and Recommendation includes a challenge to the finding that his claims were unexhausted and procedurally barred, that objection is unavailing.  A Texas inmate contesting the result of a prison disciplinary proceeding must pursue his claims through the administrative appeals process to meet the mandatory exhaustion requirement in 28 U.S.C. § 2254(b)(1).  *Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  To overcome this procedural bar, a petitioner must show either cause for the failure to exhaust and prejudice resulting therefrom or that failure to hear the claims would result in a miscarriage of justice.  *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992).  The final reviewing authority in the prison grievance process is the administrative equivalent of the state's highest court so habeas claims based on disciplinary cases can be procedurally defaulted in the absence of the cause and prejudice described above.  *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002); *accord Moffatt v. Director*, 390 F.Supp.2d 560, 562-63 (E.D. Tex. 2005).

The Magistrate Judge correctly observed that Petitioner did not assert in his administrative grievances that the TDCJ's prohibition against possessing a weapon violated constitutional due process because of its vagueness.  Petitioner cannot now raise

this claim because the period for filing a grievance has expired.  Because Petitioner did not raise his constitutional claim through the TDCJ's administrative grievance process before the grievable period expired, and does not allege cause and prejudice for the failure to exhaust or that refusal to hear his claim would result in a miscarriage of justice, Petitioner's claim is unexhausted and procedurally barred.  Consequently, to the extent Petitioner challenges this finding, the objection is **OVERRULED.**

Finally, the Magistrate Judge properly recommended that a Certificate of Appealability be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.  Here, reasonable jurists would debate neither the procedural nor substantive basis for denying the relief Petitioner seeks.  Accordingly, Petitioner fails to satisfy the standards for the issuance of a COA and any objection he directs at the Memorandum and Recommendation in that regard is **OVERRULED**.

## **<u>CONCLUSION</u>**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Respondent's motion for summary judgment (D.E. 11) is **GRANTED**, Petitioner's cross motion for summary judgment (D.E. 13) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.  In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 18th day of February, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE